THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LINDA G. FRANKLIN,<br><br>        Plaintiff,<br><br>    v.<br><br>NORTHWEST KIDNEY CENTERS, *et al.*,<br><br>        Defendants. | CASE NO. C18-0117-JCC<br><br>MINUTE ORDER |

This matter comes before the Court on Plaintiff's letter asking the Court to reopen her case (Dkt. No. 15). On January 25, 2018, Plaintiff was granted leave to proceed *in forma pauperis*. (Dkt. No. 1.) Plaintiff's complaint alleges federal discrimination and retaliation claims against her former employer, Northwest Kidney Centers, and various co-workers. (*See generally* Dkt. No. 1-1.) On April 30, 2018, Defendants filed their answer to the complaint (Dkt. No. 8).

On May 1, 2018, the Court held a status conference with the parties, and provided Plaintiff, who was proceeding *pro se*, with an additional 60 days to obtain counsel. (Dkt. No. 10.) On July 10, 2018, a second status conference was held. (Dkt. No. 12). Plaintiff was not present in the courtroom when her case was called. (*Id.*) The same day, the Court issued an order for Plaintiff to show cause why her case should not be dismissed for lack of prosecution. (Dkt. No. 11.) Plaintiff did not respond to the Court's order to show cause.

On August 6, 2018, the Court dismissed Plaintiff's complaint without prejudice for lack

of prosecution and entered a judgment to that effect. (*See* Dkt. Nos. 13, 14.) On August 28, 2018, Plaintiff filed a letter with the Court explaining that she had appeared at the July 10 status conference after her case was called, but never informed the Court. (Dkt. No. 15.) Plaintiff asks requests that her case "be reinstated and a date be set for me to actually plead my case before the court." (*Id*.)

In the Ninth Circuit, *pro se* parties are held to less stringent pleading standards than attorneys. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). The Court construes Plaintiff's letter (Dkt. No. 15) as a motion to obtain relief from the Court's judgment dismissing her complaint. Pursuant to Federal Rule of Civil Procedure 60(b), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons . . . mistake, inadvertence, surprise, or excusable neglect . . . [or] any reason that justifies relief" Fed. R. Civ. P. 60(b)(1).

In this case, the Court dismissed Plaintiff's complaint without prejudice after she failed to respond to an order to show cause regarding her failure to appear to a status conference. (*See* Dkt. No. 13.) The Court waited nearly a month before dismissing Plaintiff's complaint for lack of prosecution—much longer than the 10 days specified in its order to show cause. (*See* Dkt. No. 11.) While Plaintiff explains why she did not timely appear at the July 10 status conference, her letter does not address why she failed to respond to the Court's order to show cause. (*See* Dkt. No. 15.) Based on the record, the Court concludes that Plaintiff's failure to respond to the Court's order to show cause does not represent mistake or excusable neglect. *See* Fed. R. Civ. P. 60(b). Nor does the Court believe there is some other reason that justifies vacating its judgment and reinstating Plaintiff's complaint. Plaintiff is not precluded from pursuing her claims, but she must re-file her complaint.

Plaintiff's motion to vacate the Court's judgment (Dkt. No. 15) is DENIED.

//

//

DATED this 24th day of September 2018.

_John C. Coughenour_
John C. Coughenour
UNITED STATES DISTRICT JUDGE